FILED
2009 Jul-06 PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EDDIE TIPPINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:09-MC-1240-VEH |
| | ) |
| **HONDA MANUFACTURING OF** | ) |
| **ALABAMA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the court on Plaintiff Eddie Tippins's "Application under Section 706(f) of Civil Rights Act of 1964" (doc. 1). Tippins seeks appointment of counsel and permission to proceed *in forma pauperis*, without payment of fees. For the reasons stated below, the court **DENIES** Tippins's motion to proceed *in forma pauperis*, and **DENIES** Tippins's motion for appointment of counsel (doc. 1).

Additionally, for the reasons stated below, the court **ORDERS** Tippins to file a Complaint suitable for service and in compliance with the Federal Rules of Civil Procedure **by Monday, August 3, 2009**.

## FACTS

Tippins seems to assert a claim of race discrimination and retaliation against Defendant Honda Manufacturing of Alabama, LLC ("Honda"), related to Honda's termination of Tippins on October 13, 2008. Tippins asserts that Honda's treatment of him was based upon racially discriminatory animus and was retaliation for a previous charge of race discrimination that Tippins had filed.

The court must construe the filings of pro se litigants liberally. *Haines v. Kerner*, 404 U.S. 519, 595-96 (1972) (construing a pro se pleading, "however inartfully pleaded," broadly); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, by liberally construed."). Nevertheless, "pro se complaints also must comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Because Tippins has not filed a Complaint suitable for service, the court **ORDERS** Tippins to file a Complaint that complies with the Federal Rules of Civil Procedure.

## PROCEEDING *IN FORMA PAUPERIS*

28 U.S.C. § 1915(a) governs proceedings *in forma pauperis*. The statute

provides that

> . . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein without repayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . . Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). The court holds broad discretion to allow a case to proceed *in forma pauperis*.

In Tippins's application, he claims approximately $145,000 in debt, including a mortgage and other debt. He notes an approximate income of $1,000 per month. He owns a home valued at $140,000, a car (or cars) valued at $50,000, and he claims to have $6,000 in his checking or savings account.

Based on the information in his affidavit, the court **DENIES** Tippins's request to proceed *in forma pauperis*. The court **ORDERS** Tippins to pay the full filing fee of $350.00.

## APPOINTMENT OF COUNSEL

Tippins also requests court-appointed counsel. "A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). The district court has broad discretion when determining whether to appoint counsel in a civil case. *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). The

Eleventh Circuit, however, has admonished that "[t]he appointment of counsel is . . . a privilege that is justified only by *exceptional circumstances*, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (emphasis added). Appointment of counsel would not be justified where "[t]he essential facts and legal doctrines [are] ascertainable without the assistance of court-appointed counsel." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Tippins asserts a claim of racial discrimination and retaliation under Title VII. The court finds, in its discretion, that Tippins's case is not "so novel or complex as to require the assistance of a trained practicioner." *Poole*, 819 F.2d at 1028. The court finds that the essential facts and legal doctrines involved in his case are ascertainable without the assistance of court-appointed counsel. The court, therefore, **DENIES** Tippins's request for court appointed counsel.

## CONCLUSION

For the reasons stated above, the court **DENIES** Tippins's motion to proceed *in forma pauperis*, and **ORDERS** Tippins to pay the full filing fee of $350.00 **by Monday, August 3, 2009.**

The court **DENIES** Tippins's motion for appointment of counsel, because "exceptional circumstances" do not exist such that the appointment of counsel would

be justified.

The court also **ORDERS** Tippins to file a Complaint that complies with the Federal Rules of Civil Procedure **by Monday, August 3, 2009.**

If Tippins fails to comply with either of these directives, his case will be dismissed, without further notice, for failure to prosecute.

**DONE** this the 6th day of July, 2009.

/s/ VEHopkins
**VIRGINIA EMERSON HOPKINS**
**United States District Judge**